# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SHERRY L. WALKER,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.:  **1:08-CV-2037-VEH** |
| ] | |
| **RYAN'S RESTAURANT** ] | |
| **GROUP, INC.,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

### I.  Introduction

The court has before it Defendant's Motion for Judgment on the Pleadings[1] or in the Alternative Motion to Dismiss (Doc. 6) (the "Motion") filed on May 7, 2009. The plaintiff in this case, Sherry L. Walker ("Ms. Walker"), is proceeding pro se (*i.e.*, representing herself as opposed to being represented by an attorney). Ms. Walker has sued Defendant primarily for race discrimination pursuant to Title VII of the Civil

---

[1] Defendant apparently misnamed the Motion as one for judgment on the pleadings, and alternatively as one to dismiss, as the entire body of the Motion deals exclusively with the merits of a dismissal under Rule 12(b)(6) as opposed to Rule 12(c).  In any event, Rule 12(c) is inapplicable as the pleadings remain open because Defendant has not yet filed an answer.  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.") (emphasis added).  Accordingly, the court analyzes the Motion pursuant to Rule 12(b)(6) only.

Rights Act of 1964 and 42 U.S.C. § 1981.  (Doc. 3 at 1).

On May 11, 2009, the court entered a special briefing schedule on Defendant's Motion and gave Ms. Walker a deadline of June 1, 2009, to file an opposition to the Motion, "telling the court why the motion should not be granted[.]"  (Doc. 9 at 1).  On June 9, 2009, Defendant filed a supplement to its Motion.  (Doc. 10).

Subsequent to the filing of this supplement, the court extended the deadline for Ms. Walker to file an opposition until July 1, 2009.  (Doc. 11 at 1).  Both the June 1, 2009 and July 1, 2009 deadlines for Ms. Walker to respond to the Motion have passed without her filing anything with the court.  As a result, the Motion, as supplemented, is under submission as unopposed.

The court has study the merits of the Motion and they are well-taken in part. Accordingly, the Motion is due to be granted in part, and Ms. Walker's case is due to be dismissed.

## II.   Applicable Standards

### A.   Motion to Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a). While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims" . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Regarding consideration of any materials beyond the mere pleadings as part of a Rule 12(b)(6) decision, as Defendant correctly observes:

> When considering a motion to dismiss under Rule 12(b)(6), the Court is normally required to limit itself to consideration of the allegations of the complaint and documents attached to the complaint. Fed. R. Civ. P. 12(b)(6), 10(c). If matters outside the complaint are presented on a motion to dismiss and not excluded by the Court, the Court is normally required to treat the motion as one for summary judgment, and to give the parties a reasonable opportunity to present all the materials pertinent to the motion. Fed. R. Civ. P. 12(d). However this Circuit and others have relaxed that rule to allow the Court to take judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment. These documents include public filings in other district courts.

(Doc. 6 at 3 ¶ 2 (citing *Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006)). As stated in *Universal Express*:

> A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Public records are among the permissible facts that a district court may consider. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *cf. Bryant*, 187 F.3d

4

at 1278 (11th Cir. 1999) (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice ... of relevant public documents required to be filed with the SEC"). Because the complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary judgment or comply with the notice requirements of Rule 56(c). That the complaint in the New York action was filed after Universal filed its complaint does not affect its status as a public record.

177 Fed. Appx. at 53-54.

### B.     Ms. Walker's Failure to Oppose

Ms. Walker's failure to file any opposition to Defendants' Motion is not without significant repercussions. As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her

peril.

*Williams*, 2007 WL 4219201, *1.  Therefore this court is under no requirement to independently construct grounds in opposition to Defendant's Motion except for any that reasonably appear based upon its own review of the record and consideration of the applicable law.

### III.   Analysis

In the Motion, Defendant makes two arguments.  The first is that its bankruptcy plan discharges and extinguishes Ms. Walker's entire complaint.  The second is that a dismissal of Ms. Walker's Title VII claims is appropriate due to their untimeliness under 42 U.S.C. § 2000e-16(c), which requires a plaintiff to file her Title VII lawsuit "[w]ithin 90 days of receipt of notice of final action taken by . . . the Equal Employment Opportunity Commission [*i.e.*, the ("EEOC").]"  *Id.*  The court now addresses each ground in turn.

#### A.   Operation of Defendant's Bankruptcy Plan Discharge

Defendant, as an affiliate entity of Buffets, Inc., filed a bankruptcy petition on January 22, 2008.  (Doc. 6 at 1 ¶ 1(citing *In re Buffets Holdings, Inc., et al.*, No. 08-10141 (MFW) (Bankr. Del. Apr. 17, 2009); Doc. 6 at Ex. A at 1 (listing Ryan's Restaurant Group, Inc. as one of many debtors)).  Attached to the Motion as Exhibit A are the Findings of Fact, Conclusion of Law, and Order under Section 1129 of the

Bankruptcy Code and Rule 3020 of the Bankruptcy Rules Confirming Debtor's Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmation Order") stemming from these bankruptcy proceedings.  (Doc. 6 at Ex. A).  The Confirmation Order took effect on April 17, 2009.  (*Id.* at Ex. A at 49 ¶ 93).

By operation of this Confirmation Order, any pre-petition liability was discharged and third parties were "<u>permanently enjoined</u>, on and after the Effective Date, from (a) commencing or <u>continuing in any manner any action</u> or other proceeding of any kind against the Debtors or the Reorganized Debtors with respect to any such Claim or Equity Interest . . . ."  (Doc. 10 at Ex. A ¶ 34 (emphasis added); *see also* Doc. 6 at 2 ¶ 8 (summarizing contents of discharge provision)).  Based upon Ms. Walker's Amended EEOC Complaint, she contends that the "alleged discrimination occurred on or about March 27, 2007[,]" (Doc. 6 ¶ 8) and indicates that she filed her EEOC charge on or about October 10, 2007.  (Doc. 6 ¶ 8).

Both of these dates occurred prior to the Confirmation Order's effective date of April 17, 2009.  Therefore, by operation of the above discharge language, prosecution of Ms. Walker's case against Defendant has been permanently enjoined,

and a dismissal of her entire lawsuit on that basis is appropriate.[2]

### B. Timeliness of Ms. Walker's Title VII Claims[3]

Ms. Walker initiated this case on October 30, 2008. (Doc. 2). Ms. Walker's Amended EEOC Complaint attaches her "Dismissal and Notice of Rights" letter,

---

[2] However, as Defendant notes in its Motion:

> If the Plaintiff believes she has a valid claim against Ryans, she was required by the Bankruptcy Court to timely file a proof of claim in Bankruptcy Court, something she failed to do. <u>At this stage, her only recourse is to petition the Bankruptcy Court for relief (i) from its order establishing a bar date for claimants to file proofs of claim, and (ii) from the discharge and injunction provisions of the Plan, which bar the plaintiff's continued prosecution of this action or attempts to collect any claim against Ryans</u>. Ryans would contest any attempts by the Plaintiff to seek relief in the Bankruptcy Court, however, both based on the language of the Bankruptcy Court's orders and on the basis set forth below that no claim could even be sustainable in any event due to the running of the Statute of Limitations.

(Doc. 6 at 5 ¶ 6 (emphasis added)). Therefore in light of this admitted potential avenue of recourse for Ms. Walker, the court will give her leave to seek reinstatement of her claims, <u>if she provides a written notice to this court filed within thirty days from the entry of date the dismissal of this case, showing (1) that she has petitioned the bankruptcy court for relief from the Confirmation Order's discharge provision or (2) that she has otherwise established good cause for this court to reopen the litigation</u>.

[3] The court notes Defendant has made no untimeliness arguments about Ms. Walker's discrimination claims asserted pursuant to 42 U.S.C. § 1981. Accordingly, even if the court were to agree with the merits of Defendant's Title VII statute of limitations defense (which it does not for the reasons discussed below), Ms. Walker's § 1981 claims would remain unaffected by a ruling in favor of Defendant on that particular basis.

which was issued and mailed by the EEOC on July 31, 2008. (Doc. 3).

Ms. Walker states that she received actual notice of the EEOC's final action with respect to her claims on August 1, 2008. (*Id.* ¶ 11). Therefore, Ms. Walker's Title VII lawsuit, as measured by her initial filing with the court, was timely filed because only ninety days had elapsed between her receipt of notice and her filing of this action.

Defendant, however, relies upon the filing date of Ms. Walker's Amended EEOC Complaint (*i.e.*, on November 26, 2008) to argue the untimeliness of her Title VII claims. Under this scenario, the time between Ms. Walker's receipt of her right-to-sue letter and the filing of the amended pleading exceeds one hundred days. In presenting this position, Defendant offers no legal authority, controlling or otherwise, establishing that it would be appropriate for the court to <u>only</u> consider Ms. Walker's Amended EEOC Complaint when evaluating Title VII timeliness.

Nor is this court independently aware of any such supporting authority. Furthermore, to rule in Defendant's favor on this issue would expressly contradict the court's prior order entered in this case indicating that Ms. Walker's "application shall be treated as a complaint under one or more of the federal civil rights acts, and <u>deemed filed on the date of the application</u> . . . ." (Doc. 1 at 1 (emphasis added)). As a result and for all these reasons, the Title VII portion of Defendant's Motion is due

to be denied.

## IV.  Conclusion

Accordingly, a separate order granting the Motion in part and dismissing Ms. Walker's case with leave for her to seek reinstatement of her lawsuit within thirty days will be entered.

**DONE** and **ORDERED** this the 13th day of July, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge